IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                        CR. No. S-11-265 KJM

    vs.

ROBERTO SOLIS-CABRALLES,

    Defendant.                    <u>ORDER</u>

/

        On October 27, 2011, the court heard argument on defendant's motion to suppress his statements, filed September 30, 2011, and on a supplemental motion to suppress his statements to immigration agents, filed October 15, 2011. *See* ECF Nos. 12, 15. Douglas Beevers, Assistant Federal Defender, appeared for defendant; Michele Beckwith, Assistant United States Attorney, appeared for plaintiff.

        Before the hearing on the two motions to suppress statements, defendant filed a third motion to suppress, this time seeking to suppress the photographs and fingerprints taken after his allegedly illegal arrest. ECF No. 18.

        On November 3, 2011, defendant gave notice that his motion to suppress statements was moot in light of the government's expressed intention not to use the statements to prove alienage. ECF No. 23. The parties agreed, however, that the government's decision not to

1

use the statement taken on June 4, 2011 did not moot defendant's supplemental motion to suppress statements given in 2004, based on insufficient *Miranda* warnings. The court thereafter denied defendant's motion to suppress his June 4, 2011 statement as moot, and indicated it would defer ruling on the motion to suppress photographs and fingerprints until trial. ECF No. 24. Subsequent to the court's order, the government filed an opposition to the latter motion, and defendant a reply, signaling the parties' submission to the court's resolving the motion prior to trial. ECF Nos. 28, 29.

Accordingly, pending before the court at this time are defendant's motion to suppress the statements he gave to immigration agents in 2004 and his motion to suppress photographs and fingerprints.

I. Supplemental Motion To Suppress Statements (ECF No. 15)

Defendant seeks to suppress his statements regarding alienage, made on December 7, 2004, while he was being detained by immigration authorities, and any statements given between November 15 and November 30, 2004, again while he was being detained by immigration authorities. He argues that the I-826 form used by immigration authorities to notify suspected illegal immigrants of their rights does not provide complete *Miranda* warnings.[1]

Not all people questioned by authorities are entitled to *Miranda* warnings; only if the questioning is "reasonably likely to elicit an incriminating response" does it qualify as interrogation within the meaning of *Miranda*. *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980); *see United States v. Rodriguez*, 518 F.3d 1072, 1079 (9th Cir. 2008) (*Miranda* warnings and waiver are prerequisites to interrogation).

---

[1] Defendant has provided only the Spanish language version of the form without any sort of translation beyond his paraphrasing in the body of his motion. This alone is a sufficient basis for striking the document and denying the motion. *United States v. Rivera-Rosario*, 300 F.3d 1, 5 (1st Cir. 2002); *see also Heary Bros. Lightning Protection Co. v. Lightning Protection Inst.*, 287 F.Supp.2d 1038, 1074 (D.Ariz. 2003) (sua sponte striking as inadmissible plaintiff's exhibits that were not in English and for which no English translation was provided), *aff'd in part, rev'd in part on other grounds,* 262 Fed. Appx. 815 (9th Cir. 2008).

In *United States v. Salgado*, 292 F.3d 1169 (9th Cir. 2002), the Ninth Circuit considered a challenge to an alien's statements about his immigration status, given to immigration agents, but later used in a prosecution for a violation of 8 U.S.C. § 1326. The court said:

> *If* Salgado had been interviewed in connection with a 'prosecution for violating the immigration laws,' or *if* Salgado had been in custody on charges relating to his immigration status, *then* questions about birthplace and citizenship might have been reasonably likely to elicit an incriminating response in which case he should have been *Mirandized* before-hand. We so held in *Mata-Abundiz*. But that is not this case.

*Id*. at 1172 (emphasis in original). As in *Salgado*, Solis-Cabralles was interviewed by immigration officials several years before any prosecution stemming from his presence in this country. *Id*. As in *Salgado*, defendant has presented nothing suggesting that agents who conducted the interviews in 2004 had any reason to believe that Solis-Cabralles would again enter the United States illegally and ultimately be prosecuted for that entry. *See also United States v. Solano-Godines*, 120 F.3d 957 (9th Cir. 1997); *United States v. Alderete-Deras*, 743 F.2d 645, 647-48 (9th Cir. 1984). On this record, the court cannot say Solis-Cabralles was entitled to *Miranda* warnings in 2004 before being questioned by immigration agents or filling out immigration forms.

II. <u>Motion To Suppress Fingerprints and Photographs</u> (ECF No. 18)

Defendant acknowledges that under the authority of *United States v. Garcia-Beltran*, 443 F.3d 1126, 1132 (9th Cir. 2006), "evidence concerning the identity of a defendant, obtained after an illegal police action, is not suppressible as 'fruit of the poisonous tree,'" and acknowledges that this court is bound by Ninth Circuit authority. ECF No. 29. As defendant has not suggested there is intervening case law that would undercut *Garcia-Beltran*, this court follows Ninth Circuit precedent and denies defendant's motion to suppress his fingerprints and photographs taken by immigration agents or by the U.S. Marshal.

IT IS THEREFORE ORDERED that:

1. Defendant's supplemental motion to suppress statements (ECF No. 15) is denied; and

2. Defendant's motion to suppress fingerprints and photographs (ECF No. 18) is denied.

DATED: November 23, 2011.

_____
UNITED STATES DISTRICT JUDGE